

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable William A. Griffis, Jr.
County Attorney
Gaines County
Seminole, Texas

Dear Sir:

Opinion No. O-4519
Re: Does the Commissioners' Court
of Gaines County have authority
to expend county funds for the
maintenance of a road on the
land deeded to them in Andrews
County, which road right-of-way
will connect with the proposed
regularly established road in
Gaines County and which will be
of material benefit to the citi-
zens of Gaines County as a
whole?

Your letter of April 1, 1942, requesting the opin-
ion of this department on the above stated question, reads
as follows:

"The facts upon which the hereinafter set
forth question are based are substantially as
follows: Various individuals who are citizens
of Gaines County, Texas, have subscribed funds
for the purchase of certain land in fee, which
is located in Andrews County, immediately ad-
jacent to the south boundary line of Gaines
County. These interested citizens propose to
donate and will donate this land to the County
of Gaines. Gaines County, itself, acting
through its Commissioners' Court, proposes to
establish a new road from the county seat to a
point at or near the common boundary line of
Gaines and Andrews Counties. At this point,
the land being donated to the county, in fee,
by these individuals, commences and extends a

distance of some six miles into Andrews County.
In checking into this matter, the question has
been raised as to whether the Commissioners'
Court of Gaines County will have authority to
expend county funds for the maintenance of a
road on the land deeded to them in Andrews
County, which road right-of-way will connect
with the proposed regularly established road
in Gaines County, and which will be of material
benefit to the citizens of Gaines County as a
whole.

"Article 2351 of the Revised Civil Statutes
of Texas, 1925, provides, among other things,
that the Commissioners' Court shall have au-
thority to 'lay out and establish, change and
discontinue public roads and high ways' and
they shall further 'exercise general control
over all roads, highways, ferries, and bridges
in their counties.' In sub-division 15 of
said article, is the general provision, 'said
court shall have all such other powers and
jurisdiction and shall perform all such other
duties as are now or may hereafter be prescrib-
ed by law.' I am unable to find any statutory
or case authority either expressly holding
that the Commissioners' Court has authority
to expend county funds in the proposed improve-
ment of county lands lying outside the county
boundaries, nor do I find any authority nega-
tiving such a proposition. The general statute
quoted above limits the powers of the Commis-
sioners' Courts to those conferred by consti-
tution and laws only, or arising by necessary
implication. I find further authority to the
effect that the powers of Commissioners' Courts
are generally to be strictly construed, but that
the courts will be reluctant to find an abuse
of discretion in connection with actions of
Commissioners' Courts generally.

"You are, therefore, respectfully request-
ed to advise this office and the Commissioners'
Court of Gaines County as to whether, under the
facts stated, the Commissioners' Court of Gaines
County has authority to use county funds and
machinery to maintain the land owned, or to be

owned, by Gaines County in Andrews County, assuming that the same will be necessary in order to effectuate and carry out the purpose of the construction of that portion of the road which lies within the boundaries of Gaines County.

"You are further respectfully requested to give this matter an early assignment for immediate attention, since the court itself is extremely anxious to proceed with its plans for road construction in Gaines County, which must necessarily be based upon your opinion as to the authority of the court in connection with the road in Andrews County."

Section 2, Article 11 of the State Constitution provides:

"The construction of jails, courthouses, and bridges, and the establishment of county poorhouses and farms, and the laying out, construction and repairing of county roads shall be provided for by general laws."

Article 6703, Vernon's Annotated Civil Statutes, provides:

"The commissioners court shall order the laying out and opening of public roads when necessary, and discontinue or alter any road whenever it shall be deemed expedient. No public roads shall be altered or changed except to shorten the distance from end to end, unless the court upon a full investigation of the proposed change finds that the public interest will be better served by making the change; and said change shall be by unanimous consent of all the commissioners elected. No part of a public road shall be discontinued until a new road is first built connecting the parts not discontinued; and no entire first or second class road shall be discontinued except upon vacation or non-use for a period of three years. Said court shall assume and have control of the streets and alleys" in all cities

and incorporated towns in Texas which have no defacto (de facto) municipal government in the active discharge of their official duties."

It is stated in Texas Jurisprudence, Volume 21, page 627:

"The administration of highways is controlled by the state, the legislature being invested with the supreme power of regulation and control. Subject to any constitutional restrictions, this control may be exercised through such agencies as the legislature may select for the purpose.

"The constitution commands that the laying out, constructing and repairing of county roads shall be provided for by general laws. Accordingly, general laws have been enacted setting up a State Highway Commission to administer state highways and delegating the control of county roads to the county commissioners' courts. . . ."

It is further stated in Texas Jurisprudence, Volume 21, page 630:

"Subject to any local law, commissioners' courts are invested with the power and charged with the duty of creating and maintaining adequate roads. They are commanded to lay out and establish roads when necessary. These words mean 'make, create or found permanently' - that is to say, they are empowered to do all such acts as may be necessary to construct permanent roads. . . ."

We quote from the case of Broussard v. Wilson, 183 S. W. 814, as follows:

". . . The legislature has seen proper to confer upon the commissioners' court the power and authority to make contracts for the repairing and construction of roads within its county, and so long as said courts make contracts within the restrictions of the constitution and under the authority of law, it is not for the

Honorable William A. Griffis, Jr., Page 5

courts to substitute their judgment for that of the commissioners' court as th the wisdom of such contracts."

The case of Jameson v. Erwin, 91 S. W. (2d) 1129, among other things, holds that strict compliance with statutory provisions is necessary to confer jurisdiction on a Commissioners' Court to establish public roads.

The Commissioners' Court in exercising powers delegated to counties in regard to roads cannot exceed the powers either expressly or impliedly granted. (Gulf Bitulithic v. Nueces County, 297 S. W. 747, reversed on other grounds, 11 S. W. (2d) 305)

We fail to find any authority authorizing a Commissioners' Court to expend county funds for the establishment, improvement and maintenance of roads outside of the county boundaries. In the absence of such authority, it is our opinion that the Commissioners' Court has no legal authority whatsoever to expend county funds to establish, improve or maintain public roads outside the boundaries of the county desiring to expend such funds. In other words, finding no statute or constitutional provision expressly giving authority to a county to acquire land outside of its boundaries for road purposes, nor from which the power could be reasonably implied, we are compelled to answer the above stated question in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

APPROVED APR 10, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

AW:OO


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN